## JENKINS *v.* JENKINS' ESTATE.

1. APPEAL AND ERROR—CASE REVIEWABLE UNDER CASE-MADE WITH-
OUT COMPLYING WITH SECTION 13736.

> Right to review a case in the Supreme Court by case-made, under 3 Comp. Laws 1915, § 13752, is recognized by Supreme Court Rule No. 17, without complying with section 13736, as amended by Act No. 155, Pub. Acts 1923, which applies only to writs of error.

2. FRAUDS, STATUTE OF—PAROL CONTRACT VOID—EXECUTORS AND ADMINISTRATORS.

> A parol contract by a husband and wife with the former's father, under which they were to move into his home and care for him, and, at his death, to receive his property, is void under the statute of frauds.

3. EXECUTORS AND ADMINISTRATORS—PARENT AND CHILD—GRATUIT-
OUS SERVICES—EVIDENCE—PAROL CONTRACT.

> A parol contract by a husband and wife to care for the former's father, and, at his death, to receive his property, although void under the statute of frauds, may be proven to show that the services so rendered were not gratuitous and in support of a claim to recover the reasonable value thereof.

4. HUSBAND AND WIFE—WIFE ALONE MAY NOT RECOVER UNDER JOINT CONTRACT FOR SERVICES.

> A married woman may not recover for services rendered by her to her father-in-law under a contract by which she and her husband were to care for the father-in-law, and, at his death, to receive his property, in the absence of an assignment to her by the husband of his rights thereunder; the contract being joint.

Case-made from Allegan; Cross (Orien S.), J. Submitted October 12, 1927. (Docket No. 96.) Decided December 1, 1927.

[1]Appeal and Error, 3 C. J. § 1088; [2]Frauds, Statute of, 27 C. J. § 170; 2 L. R. A. (N. S.) 739; 15 L. R. A. (N. S.) 321; 25 R. C. L. 476; 4 R. C. L. Supp. 1590; [3]Executors and Administrators, 24 C. J. § 1142;. Frauds, Statute of, 27 C. J. § 469; [4]Husband and Wife, 30 C. J. § 681; Parties, 30 Cyc. p. 113.

Leeta Jenkins presented a claim against the estate of Edward Jenkins, deceased, for services rendered. The claim was allowed by the commissioners, and defendant appealed to the circuit court.     Judgment for plaintiff.     Defendant appeals.     Reversed.

*Clare E. Hoffman,* for appellant.

*I. C. Montague,* for appellee.

SHARPE, C. J.     Leeta Jenkins presented a claim against the estate of Edward Jenkins in the sum of $865.02, a part of which was for "board, washing and care" of deceased, a part for money loaned him, a part for repairs, and the balance for taxes paid on the home owned by him.     It was allowed in full by the commissioners.     On appeal to the circuit court, it was allowed by a jury at the sum of $475.     The estate reviews the judgment entered by case-made.

Claimant insists that the case is not properly before us for review, the judgment being for less than $500, and the defendant not having complied with the provisions of section 13736, 3 Comp. Laws 1915, as amended by Act No. 155, Pub. Acts 1923.     This section applies only to writs of error.     It has no application to review in this court by case-made.     Section 13752 provides:

"If either party shall wish to have any cause, which has been submitted to the court upon a case-made, removed to the Supreme Court, the clerk of the circuit court shall, after judgment thereon, certify such case agreed upon, and the judgment thereon, to the Supreme Court, and the Supreme Court shall thereupon be possessed of the cause, and may give such judgment and award such costs as justice may require; and any case-made after judgment in any circuit court, and agreed upon by the parties, or settled by the court, may be removed to the Supreme Court in like manner without a bill of exceptions or writ of error."

Supreme Court Rule No. 17 recognizes this right.

The case-made before us was settled by the trial court pursuant to this section, and this court is thereby "possessed of the cause, and may give such judgment and award such costs as justice may require."

The error principally relied on is the refusal of the court to direct a verdict for the estate.   Claimant is the wife of Harvey Jenkins, a son of deceased.   In August, 1923, she and her husband moved from their home in Grand Rapids to the home of the deceased in Allegan county under the following arrangement, as testified to by the husband:

"When I was at my mother's funeral, he called me outside and he says to me, 'I am going to be all alone now.   I wonder if you and Leeta wouldn't come down and make your home with me.   If you would come and make your home with us, the property is yours when I am gone,' and I told him that I would leave all that to Leeta; that I would be willing to come; that it would put me out working in Grand Rapids, living out there; that I will come if she will, so I saw her about it."

That, pursuant thereto, they went to his home and on the understanding "that the property belonged to my wife and I after he was gone."   There was proof that deceased had said to neighbors "that if Harvey and Leeta would move to Wayland and take care of him, the place was theirs when he was through with it."   There was proof that claimant did the housework, the laundry of his clothes, and that when he had a broken arm she gave him attention, "even fed him."     •

Such service as she rendered was under the contract made between the deceased and her husband, to which she had yielded her assent.   This contract rested in parol, and was void under the statute of frauds.   While it might be proven to show that the services rendered under it were not gratuitous, and while there might be a claim of recovery for the reasonable value thereof,

it is clear that plaintiff may not herself recover therefor in this action. The contract was joint. The services rendered were for their joint benefit. No assignment of his rights thereto had been made to her by her husband. The facts presented are so similar to those before this court in *Sorensen* v. *Sorensen,* 211 Mich. 429, in which it was held that the wife could not recover, that further discussion seems unnecessary. The proof as to money loaned and repairs and taxes paid presented an issue for the jury.

The judgment is reversed, with costs to appellant, and a new trial ordered.

BIRD, FLANNIGAN, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.

The late Justice SNOW took no part in this decision.